UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNY CHASE, | 1:14-cv-01853-EPG-PC |
| Plaintiff, | <u>SCREENING ORDER</u> |
| v. | ORDER DISMISSING FIRST AMENDED COMPLAINT FOR FAILURE TO STATE A CLAIM UNDER SECTION 1983, WITH LEAVE TO AMEND (ECF No. 4.) |
| J. LOPEZ, | |
| Defendant. | THIRTY DAY DEADLINE TO FILE SECOND AMENDED COMPLAINT |

I.      **BACKGROUND**

        Kenny Chase ("Plaintiff") is a state prisoner proceeding *pro se* with this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed the Complaint commencing this action on November 3, 2014 as part of a purported class action brought by a fellow inmate.  (ECF No. 1.) The Court[1] dismissed that case because it was not a proper class action and gave leave for the individual plaintiffs to file separate lawsuits.  (ECF No. 2)  Plaintiff filed his own first amended civil rights complaint on December 4, 2014.  (ECF No. 4)  In it, he alleges that prison officials negligently failed to secure cleaning implements, which could have been used as weapons.  He

_____

[1] The prior order was issued by Magistrate Judge Austin.

1

then alleges that after an ensuing riot, prison officials put Plaintiff back in the same environment as the inmates who rioted.  Plaintiff then asks for compensation.

This Court finds that, taken alone, Plaintiff's complaint fails to state a claim.  Plaintiff does not describe the involvement of any individual defendant, does not allege facts showing that any defendant knew of a risk and deliberately disregarded it, and does not allege any injury to himself.  Because the Court finds upon screening that Plaintiff has failed to state a claim, it dismisses Plaintiff's First Amended Complaint with leave to amend.[2]

## II.   SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.   28 U.S.C. § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that the action or appeal fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007)).  While a plaintiff's allegations are taken as true, Courts "are not required to indulge unwarranted inferences."  Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).  Plaintiff must set forth "sufficient factual

---

[2] On December 4, 2014, Plaintiff consented to the jurisdiction of a Magistrate Judge pursuant to 28 U.S.C. § 636(c), and no other parties have made an appearance.  (ECF No. 5.)  Therefore, pursuant to Appendix A(k)(4) of the Local Rules of the Eastern District of California, the undersigned shall conduct any and all proceedings in the case until such time as reassignment to a District Judge is required.  Local Rule Appendix A(k)(3).

2

matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678.  While factual allegations are accepted as true, legal conclusions are not.  Id.

To state a viable claim for relief, Plaintiff must set forth sufficient factual allegations to state a plausible claim for relief.  Id. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).  The mere possibility of misconduct falls short of meeting this plausibility standard.  Id.

### III.    PRIOR SCREENING ORDER

The Court previously screened a related complaint brought by inmate Tyree Hicks, which was brought as a class action.  (ECF No. 2).  The Court dismissed that complaint because it was improperly filed as a class action, but gave individual plaintiffs leave to file individual amended complaints.  In doing so, the Court included the following direction:

> Plaintiffs allege in their November 3, 2014 Complaint that they were placed at risk of harm by Officer J. Lopez.  When filing their amended complaints, each plaintiff must allege facts in his own case concerning his individual circumstances.  Each plaintiff must give sufficient information about what occured to cause risk of harm to him.
>
> Each amended complaint must also specifically state how each defendant is involved.  Each plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights.

ECF No. 2, at p. 3.

Consistent with that order, the Court now evaluates Plaintiff's complaint standing alone. The Court's decision does not apply to any other individual's complaint, which must allege the necessary facts about each individual on its own.

### IV.    SUMMARY OF FIRST AMENDED COMPLAINT

The events at issue in the First Amended Complaint allegedly occurred at North Kern State Prison (NKSP), when Plaintiff was incarcerated there in the custody of the California Department of Corrections and Rehabilitation (CDCR).  Plaintiff names as defendants J. Lopez (correctional officer, or "C/O"), M. Vega (correctional sergeant), and J. Tangen (correctional lieutenant).  He asserts two claims: (1) negligence, and (2) freedom from cruel and unusual

punishment.

Regarding the negligence claim, Plaintiff claims that prison officials failed to lock up cleaning supplies such as brooms and mops, which could be used as weapons.

Regarding the cruel and unusual punishment claim, Plaintiff claims that he was put into a hostile environment with the same attacking Latino inmates without his consent and spent 90 days in that situation, causing him heightened stress and anxiety.

It is also worth noting that Plaintiff indicates he did not file a grievance before filing this lawsuit because it was "N/A," i.e., not applicable.

## V.    CRUEL AND UNUSUAL PUNISHMENT

### A.    Legal Standards

The Eighth Amendment to the United States Constitution protects prisoners against cruel and unusual punishment.   Under the Eighth Amendment, "prison officials are ... prohibited from being deliberately indifferent to policies and practices that expose inmates to a substantial risk of serious harm." Parsons v. Ryan, 754 F.3d 657, 677 (9th Cir. 2014); see also Helling v. McKinney, 509 U.S. 25, 35 (1993); Farmer v. Brennan, 511 U.S. 825, 847 (1994) (prison official violates Eighth Amendment if he or she knows of a substantial risk of serious harm to an inmate and fails to take reasonable measures to avoid the harm). "Deliberate indifference occurs when '[an] official acted or failed to act despite his knowledge of a substantial risk of serious harm.'" Solis v. Cnty. of Los Angeles, 514 F.3d 946, 957 (9th Cir. 2008) (emphasis added) (quoting Farmer, 511 U.S. at 841).

"The second step, showing 'deliberate indifference,' involves a two part inquiry." Thomas v. Ponder, 611 F.3d 1144, 1150 (9th Cir. 2010). "First, the inmate must show that the prison officials were aware of a 'substantial risk of serious harm' to an inmate's health or safety." Id. (quoting Farmer, 511 U.S. at 837). "This part of [the] inquiry may be satisfied if the inmate shows that the risk posed by the deprivation is obvious." Id. (citation omitted). "Second, the inmate must show that the prison officials had no 'reasonable' justification for the deprivation, in spite of that risk." Id. (citing Farmer, 511 U.S. at 844 ("[P]rison officials who actually knew of a substantial risk to inmate health or safety may be found free from liability if

they responded reasonably.") (footnote omitted).

**B.** **Application to Plaintiff's Complaint**

Plaintiff has failed to state a claim based on the allegations in the complaint for cruel and unusual punishment.  He does not allege that prison officials knew of a serious risk to inmate safety.  Indeed, he does not allege the knowledge or actions of any individual defendant. Elsewhere he alleges that leaving out the cleaning implements was negligence, not deliberate disregard of Plaintiff's safety.  He does not allege that any individual defendant deliberately ignored safety concerns by leaving out cleaning implements or putting inmates in the vicinity of other inmates.

He also does not describe any substantial harm that resulted from prison official's actions.  He refers to a riot, but does not state how this was connected to defendants' actions. He does not allege that he was hurt in the riot.  He also does not describe the environment in which he was housed with the rioting inmates in any detail to determine if it unreasonably and deliberately exposed Plaintiff to harm.  Overall, Plaintiff's allegations are vague and fail to abide by the Court's direction to  "specifically state how each defendant is involved.  Each plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights."

**VI.** **NEGLIGENCE**

**A.** **Legal Standards**

Plaintiff's complaint is based on 42 U.S.C. § 1983.  (ECF No. 4, at p. 1.)  To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law.  West v. Atkins, 487 U.S. 42, 48, 108 S.Ct. 2250, 101 L.Ed.2d 40 (1988).  It is well-established that neither negligence nor gross negligence is actionable under § 1983 in the prison context. See Farmer, 511 U.S. at 835–36; Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir.1990) (gross negligence insufficient to state claim for denial of medical needs to prisoner). The applicable standard is one of deliberate indifference to inmate health or safety under the Eighth Amendment, see Farmer, 511 U.S. at

834; <u>Wilson v. Seiter</u>, 501 U.S. 294, 302 (1991), or, in the case of allegations of excessive force, the prisoner must show that officials applied force "maliciously and sadistically for the very purpose of causing harm," <u>Hudson v. McMillian</u>, 503 U.S. 1, 6, 112 S.Ct. 995, 117 L.Ed.2d 156 (1992).

**B.**    **Application to Plaintiff's Complaint**

Plaintiff's complaint for negligence is not actionable under section 1983. Put another way, prisoners such as plaintiff do not have a constitutional right to be free from negligence from prison officials, and having cleaning supplies and broom and mops negligently left out does not meant that Plaintiff's constitutional rights were violated.

If Plaintiff had stated a federal constitutional claim under section 1983, the Court could exercise supplemental jurisdiction over the negligence claim, but it cannot do so without a viable federal claim.

**VII.    <u>EXHAUSTION</u>**

**A.    <u>Statutory Exhaustion Requirement</u>**

Section 1997e(a) of the Prison Litigation Reform Act of 1995 (PLRA) provides that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Prisoners are required to exhaust the available administrative remedies prior to filing suit. <u>Jones v. Bock</u>, 549 U.S. 199, 211, 127 S.Ct. 910, 918-19 (2007); <u>McKinney v. Carey</u>, 311 F.3d 1198, 1199-1201 (9th Cir. 2002). Exhaustion is required regardless of the relief sought by the prisoner and regardless of the relief offered by the process, <u>Booth v. Churner</u>, 532 U.S. 731, 741, 121 S.Ct. 1819 (2001), and the exhaustion requirement applies to all prisoner suits relating to prison life, <u>Porter v. Nussle</u>, 534 U.S. 516, 532, 122 S.Ct. 983, 993 (2002).

**B.    <u>Application to Plaintiff's Complaint</u>**

Plaintiff indicates on his complaint that he has not exhausted his administrative remedies. He has checked the box "No" in response to the form question "Have you filed an appeal or grievance concerning <u>ALL</u> of the facts contained in this complaint?" (ECF No. 4, p.

2).  He indicated "N/A" in response to the question "If your answer is no, explain why not."

Given this description, the Court has serious concerns about whether Plaintiff has properly exhausted administrative remedies.  However, as exhaustion is an affirmative defense that need not be pled in a prisoner complaint, this is not a reason to dismiss Plaintiff's case.  Jones v. Bock, 549 U.S. 199, 216 (2007) ("We conclude that failure to exhaust is an affirmative defense under the PLRA, and that inmates are not required to specially plead or demonstrate exhaustion in their complaints.").  That said, Plaintiff should consider this issue in deciding whether to file an amended complaint.

**VIII.   CONCLUSION AND ORDER**

The Court finds that Plaintiff's First Amended Complaint fails to state any cognizable claim upon which relief may be granted under § 1983.

Under Rule 15(a) of the Federal Rules of Civil Procedure, "leave to amend shall be freely given when justice so requires."  It is unclear whether there exist facts that would state a claim as to this individual Plaintiff, but the Court will provide Plaintiff with time to file an amended complaint curing the deficiencies identified above.  Lopez v. Smith, 203 F.3d 1122, 1126-30 (9th Cir. 2000).  Plaintiff is granted leave to file a Second Amended Complaint within thirty days if he chooses to do so.

The amended complaint must allege constitutional violations under the law as discussed above.  Specifically, Plaintiff must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights.  Fed. R. Civ. P. 8(a); Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).  There is no *respondeat superior* liability, and each defendant is only liable for his or her own misconduct.  Iqbal, 556 U.S. at 676.  Plaintiff must also demonstrate that each defendant *personally* participated in the deprivation of his rights by acting with deliberate indifference to Plaintiff's health or safety, which is sufficiently serious.  Jones, 297 F.3d at 934 (emphasis added).  Plaintiff must also describe how if at all Plaintiff himself was injured.  Plaintiff should note that although he has been given the opportunity to amend, it is not for the purpose of changing the nature of this suit or adding unrelated claims.  George v. Smith, 507 F.3d 605, 607

(7th Cir. 2007) (no "buckshot" complaints).

Plaintiff is advised that an amended complaint supercedes the original complaint, <u>Lacey v. Maricopa County</u>, 693 F 3d. 896, 907 n.1 (9th Cir. 2012) (*en banc*), and it must be complete in itself without reference to the prior or superceded pleading, Local Rule 220.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.  The amended complaint should be clearly and boldly titled "Second Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury.

Based on the foregoing, it is **HEREBY ORDERED** that:

1.   Plaintiff's First Amended Complaint, filed on December 4, 2014, is DISMISSED for failure to state a claim under § 1983, with leave to amend;

2.   The Clerk's Office shall send Plaintiff a civil rights complaint form;

3.   Plaintiff may file a Second Amended Complaint curing the deficiencies identified by the Court in this order if he believes additional true factual allegations would state a claim, within **thirty (30) days** from the date of service of this order;

4.   If Plaintiff chooses to file an amended complaint, Plaintiff shall caption the amended complaint "Second Amended Complaint" and refer to the case number 1:14-cv-01853-EPG-PC;

5.   If Plaintiff chooses not to file an amended complaint, Plaintiff shall file a notice of voluntary dismissal; and

6.   If Plaintiff fails to comply with this order, this action will be dismissed for failure to obey a court order and for failure to state a claim.

IT IS SO ORDERED.

Dated:   **January 21, 2016**          /s/ Erica P. Grosjean

UNITED STATES MAGISTRATE JUDGE