UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNY CHASE, | 1:14-cv-01853-EPG-PC |
| Plaintiff, | <u>SCREENING ORDER</u> |
| v. | ORDER DISMISSING SECOND AMENDED COMPLAINT FOR FAILURE TO STATE A CLAIM, WITH LEAVE TO AMEND |
| J. LOPEZ, | (EFC No. 11.) |
| Defendant. | THIRTY DAY DEADLINE TO FILE THIRD AMENDED COMPLAINT |

**I.  BACKGROUND**

Kenny Chase ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983.

On December 4, 2014, Plaintiff consented to the jurisdiction of a Magistrate Judge in this action pursuant to 28 U.S.C. § 636(c), and no other parties have made an appearance. (EFC No. 5). Therefore, pursuant to Appendix A(k)(4) of the Local Rules of the Eastern District of California, the undersigned shall conduct any and all proceedings in the case until such time as reassignment to a District Judge is required. Local Rule Appendix A(k)(3).

Plaintiff filed the Complaint commencing this action on November 3, 2014 as part of a purported class action brought by a fellow inmate and multiple co-plaintiffs. (ECF No. 1). The

1

Court[1] severed the co-plaintiffs' claims, opened new cases for each of the co-plaintiffs, and ordered each plaintiff to file an amended complaint in his own case. (EFC No. 2). Therefore, Kenny Chase is now the only plaintiff in this action. On December 4, 2014, Plaintiff filed his own First Amended Complaint. (ECF No. 4).

The Court screened Plaintiffs First Amended Complaint and entered an order on January 21, 2016, dismissing the Complaint for failure to state a claim, with leave to amend. (EFC No. 10). On February 16, 2016, Plaintiff filed a Second Amended Complaint, which is now before the Court for screening. (ECF No. 11).

In the Second Amended Complaint, Plaintiff names only one defendant, Officer J. Lopez ("Defendant"). Plaintiff alleges that Defendant intentionally left his flashlight where a riot was ensuing so that other prisoners could use it as a weapon. Plaintiff alleges this caused him injury, harm, and psychological trauma. Plaintiff asks for compensatory and punitive damages.

After screening Plaintiff's Second Amended Complaint, the Court finds that it fails to state any cognizable claims under § 1983 against Defendant Lopez.

## II.  SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that the action or appeal fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are

---

[1] The prior order was issued by Magistrate Judge Austin.

not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as true, Courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). While factual allegations are accepted as true, legal conclusions are not. Iqbal, 556 U.S. at 678-79. The mere possibility of misconduct falls short of meeting this plausibility standard. Id.

### III.    SUMMARY OF SECOND AMENDED COMPLAINT

Plaintiff alleges that Defendant Lopez fled the scene of an ensuing racial riot among prisoners. Upon leaving, Defendant looked at Plaintiff, smiled, picked up his tools, and knowingly left his flashlight. Plaintiff further alleges that Defendant's sole purpose in leaving the flashlight was so that the prisoners of Defendant's nationality, Latino, could procure it and use it as a weapon against Plaintiff, an African prisoner.

Plaintiff claims that Defendant Lopez violated his Eighth Amendment right against cruel and unusual punishment because Defendant failed to enforce a policy or take other reasonable steps when he knew the threat of violence was substantial. Plaintiff claims that as a result, he suffered injury, harm, and psychological trauma. Plaintiff asks for compensatory and punitive damages.

### IV.    CRUEL AND UNUSUAL PUNISHMENT

#### A.    Legal Standards

The Eighth Amendment to the United States Constitution protects prisoners against cruel and unusual punishment. Under the Eighth Amendment, "prison officials are ... prohibited from being deliberately indifferent to policies and practices that expose inmates to a substantial risk of serious harm." Parsons v. Ryan, 754 F.3d 657, 677 (9th Cir. 2014); see also Helling v. McKinney, 509 U.S. 25, 35 (1993); Farmer v. Brennan, 511 U.S. 825, 847 (1994) (prison

official violates Eighth Amendment if he or she knows of a substantial risk of serious harm to an inmate and fails to take reasonable measures to avoid the harm). "Deliberate indifference occurs when '[an] official acted or failed to act despite his knowledge of a substantial risk of serious harm.'" Solis v. Cnty. of Los Angeles, 514 F.3d 946, 957 (9th Cir. 2008) (quoting Farmer, 511 U.S. at 841).

"The second step, showing 'deliberate indifference,' involves a two part inquiry." Thomas v. Ponder, 611 F.3d 1144, 1150 (9th Cir. 2010). "First, the inmate must show that the prison officials were aware of a 'substantial risk of serious harm' to an inmate's health or safety." Id. (quoting Farmer, 511 U.S. at 837).  To prove knowledge of the risk, however, the prisoner may rely on circumstantial evidence; in fact, the very obviousness of the risk may be sufficient to establish knowledge.  Farmer, 511 U.S. at 842; Wallis v. Baldwin, 70 F.3d 1074, 1077 (9th Cir. 1995). "Second, the inmate must show that the prison officials had no 'reasonable' justification for the deprivation, in spite of that risk."  Id. (citing Farmer, 511 U.S. at 844 ("[P]rison officials who actually knew of a substantial risk to inmate health or safety may be found free from liability if they responded reasonably.")).

### B.      Application to Plaintiff's Complaint

Plaintiff has not alleged facts sufficient to state a claim for cruel and unusual punishment in violation of the Eighth Amendment. Plaintiff's factual allegations are that Defendant gathered his tools, smiled in Plaintiff's direction, left a flashlight behind, and fled the scene of a riot. (EFC No. 11 at 1).  Taking these allegations as true, the facts do not indicate that Defendant Lopez knew that Plaintiff was subject to a substantial risk of harm, or that Defendant acted with deliberate indifference against Plaintiff.  Plaintiff's allegations that Defendant "purposely left his flashlight behind" so that Latino inmates could retrieve it and use it as a weapon against Plaintiff, an African inmate, are speculative and conclusory, unsupported by facts. (ECF No. 11 at 11:7-11.)

Further, Plaintiff has not alleged that Defendant had no "reasonable" justification for leaving his flashlight behind when he fled the scene of the riot.  Finally, Plaintiff claims he was
///

injured, harmed, and psychologically traumatized as a result of Defendant's actions. However, Plaintiff does not describe how he was injured or what injuries he suffered.

The Court is aware that Plaintiff's Complaint was initially brought as part of a class action and that other inmates involved in the same or related events have plead facts sufficient to pass screening. But the Court can only screen Plaintiff's Complaint as complete in itself. In an amended Complaint, the Court will look for additional facts that indicate: (1) that Defendant was aware of a substantial risk of serious harm to Plaintiff's health and safety, (2) that Defendant acted with deliberate indifference against Plaintiff despite his knowledge of such a risk, (3) that Defendant had no "reasonable" justification for his actions, in spite of the risk, and (4) what injuries or harm Plaintiff suffered.

## V.     EXHAUSTION

### A.     Statutory Exhaustion Requirement

Section 1997e(a) of the Prison Litigation Reform Act of 1995 (PLRA) provides that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Prisoners are required to exhaust the available administrative remedies prior to filing suit. Jones v. Bock, 549 U.S. 199, 211 (2007); McKinney v. Carey, 311 F.3d 1198, 1199-1201 (9th Cir. 2002). Exhaustion is required regardless of the relief sought by the prisoner and regardless of the relief offered by the process, Booth v. Churner, 532 U.S. 731, 741 (2001), and the exhaustion requirement applies to all prisoner suits relating to prison life, Porter v. Nussle, 534 U.S. 516, 532 (2002).

### B.     Application to Plaintiff's Complaint

Plaintiff indicates on his complaint that he has not exhausted his administrative remedies. He has checked the box "No" in response to the form question "Have you filed an appeal or grievance concerning ALL of the facts contained in this complaint?" (ECF No. 11 at 2). In response to the question "If your answer is no, explain why not," Plaintiff responds that he is not familiar with the appeals process. He then quotes from the Order dismissing his First

Amended Complaint wherein the Court noted that "exhaustion is an affirmative defense under the PLRA, and that inmates are not required to specially plead or demonstrate exhaustion in their complaint." (EFC No. 10, p. 7) (citing Jones v. Bock, 549 U.S. 199, 216 (2007).  The Court adheres to that law and will not dismiss the complaint for that independent basis at this time, but Plaintiff should consider this issue in deciding whether to file an amended complaint.

## VI.   CONCLUSION AND ORDER

Based on the foregoing, the Court finds that Plaintiff's Second Amended Complaint fails to state any claims upon which relief may be granted under the Eighth Amendment against Defendant Lopez.

Under Rule 15(a) of the Federal Rules of Civil Procedure, "leave to amend shall be freely given when justice so requires."  Therefore, the Court will provide Plaintiff with time to file an amended complaint curing the deficiencies identified above.  Lopez v. Smith, 203 F.3d 1122, 1126-30 (9th Cir. 2000).

The Third Amended Complaint should be brief, but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights. Fed. R. Civ. P. 8(a); Iqbal, 556 U.S. at 676; Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).  Under § 1983 there is no *respondeat superior* liability, and each defendant is only liable for his or her own misconduct.  Iqbal, 556 U.S. at 676.  Plaintiff must set forth "sufficient factual matter . . . to 'state a claim that is plausible on its face.'" Id. at 1949 (quoting Twombly, 550 U.S. at 555).  Plaintiff must also demonstrate that each defendant *personally* participated in the deprivation of his rights.  Jones, 297 F.3d at 934 (emphasis added).

Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint.  George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiff is advised that an amended complaint supercedes the original complaint, Lacey v. Maricopa County, 693 F 3d. 896, 907 n.1 (9th Cir. 2012) (*en banc*), and it must be complete in itself without reference to the prior or superceded pleading, Local Rule 220.  Therefore, in an

amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

Finally, the amended complaint should be clearly and boldly titled "Third Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury.

Based on the foregoing, it is **HEREBY ORDERED** that:

1. Plaintiff's Second Amended Complaint, filed on February 16, 2016, is DISMISSED for failure to state a claim, with leave to amend;
2. The Clerk's Office shall send Plaintiff a civil rights complaint form;
3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file a Third Amended Complaint curing the deficiencies identified by the court in this order;
4. Plaintiff shall caption the amended complaint "Third Amended Complaint" and refer to the case number 1:14-cv-01853-EPG-PC; and
5. If Plaintiff fails to comply with this order, this action will be dismissed for failure to state a claim upon which relief may be granted.

IT IS SO ORDERED.

Dated:   **August 1, 2016**         /s/ Erica P. Grosjean
                                    UNITED STATES MAGISTRATE JUDGE