UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNY CHASE,<br><br>   Plaintiff,<br><br> v.<br><br>J. LOPEZ,<br><br>   Defendant. | 1:14-cv-01853-EPG-PC<br><br>ORDER DISMISSING CASE<br><br>(EFC Nos. 11, 12, 14.)<br><br>ORDER FOR CLERK TO CLOSE CASE |

  Kenny Chase ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983. On December 4, 2014, Plaintiff consented to the jurisdiction of a Magistrate Judge in this action pursuant to 28 U.S.C. § 636(c), and no other parties have made an appearance. (EFC No. 5). Therefore, pursuant to Appendix A(k)(4) of the Local Rules of the Eastern District of California, the undersigned shall conduct any and all proceedings in the case until such time as reassignment to a District Judge is required. Local Rule Appendix A(k)(3).

  Plaintiff filed the Complaint commencing this action on November 3, 2014 as part of a purported class action brought by a fellow inmate and multiple co-plaintiffs. (ECF No. 1). The Court[1] severed the co-plaintiffs' claims, opened new cases for each of the co-plaintiffs, and ordered each plaintiff to file an amended complaint in his own case. (EFC No. 2). Therefore,

---

[1] The prior order was issued by Magistrate Judge Austin.

1

Kenny Chase is now the only plaintiff in this action. On December 4, 2014, Plaintiff filed his own First Amended Complaint. (ECF No. 4).

The Court screened Plaintiff's First Amended Complaint and entered an order on January 21, 2016, dismissing the Complaint for failure to state a claim, with leave to amend. (EFC No. 10). On February 16, 2016, Plaintiff filed a Second Amended Complaint. (ECF No. 11). After screening Plaintiff's Second Amended Complaint on August 1, 2016, the Court found that it failed to state any cognizable claims under § 1983 against Defendant Lopez. (ECF No. 12.)

Leave was granted under Federal Rule of Civil Procedure 15 to file a Third Amended Complaint within thirty days from August 1, 2016. (*Id*.) Plaintiff was given specific guidance concerning the law that would applicable to stating a claim in a Third Amended Complaint. (*Id*.) He was also warned that failure to comply with the August 1 order would result in dismissal of the case for failure to state a claim upon which relief may be granted. (*Id*.)

More than thirty days later, Plaintiff filed a motion to appoint counsel (ECF No. 13), which the Court denied in an order dated September 19, 2016 (ECF No. 14). In the same order, the Court granted Plaintiff an additional thirty days in which to file a Third Amended Complaint. (*Id*.) As of the date of this order, Plaintiff has not filed a Third Amended Complaint.

To determine whether to dismiss this action for failure to comply with the directives set forth in its order, "the Court must weigh the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002), *citing Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992).

"'The public's interest in expeditious resolution of litigation always favors dismissal,'" *id.,* quoting *Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999), and here, the action has been pending since November 3, 2016. Plaintiff has been instructed twice to file a

Third Amended Complaint and has not complied.  Plaintiff's failure to respond to the Court's order may reflect Plaintiff's lack of interest in prosecuting this case or lack of a viable cause of action under the correct legal standards.  Thus, both the first and second factors weigh in favor of dismissal.

Turning to the risk of prejudice, there is currently no operative complaint that states a claim, minimizing the risk of prejudice due to dismissal at this stage.  Moreover, "pendency of a lawsuit is not sufficiently prejudicial in and of itself to warrant dismissal." *Id.*, *citing Yourish*, 191 F.3d at 991.  In addition, "delay inherently increases the risk that witnesses' memories will fade and evidence will become stale," *id.*, even assuming that Plaintiff could state a cause of action upon amendment.  Therefore, the third factor weighs in favor of dismissal.

As for the availability of lesser sanctions, at this stage in the proceedings there is little available to the Court which would constitute a satisfactory lesser sanction while protecting the Court from further unnecessary expenditure of its scarce resources.  Monetary sanctions are of little use, and given the early stage of these proceedings, the preclusion of evidence or witnesses is not available.

Because public policy favors disposition on the merits, this factor will always weigh against dismissal.  *Id*. at 643.  Even this factor is mitigated, however, by the fact that Plaintiff's lack of action means that there is no active complaint in this case.  Thus, any "merits" the case may have are entirely hypothetical.

Moreover, there is now no operative complaint in this case because Plaintiff's Second Amended Complaint was dismissed and he has elected not to file a Third Amended Complaint.  The Court must dismiss any action where the "action or appeal fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).  Plaintiff was warned in the August 1, 2016 Order that his failure to follow this order will result in dismissal of this action.  (ECF No. 12.)  Accordingly, this case shall be dismissed.

Based on the foregoing, IT IS HEREBY ORDERED that:

1. This action is DISMISSED for Plaintiff's failure to comply with the Court's orders issued on August 1, 2016 and September 19, 2016 (ECF Nos. 12, 14) and for Plaintiff's failure to prosecute this action;

2. This dismissal is subject to the "three-strikes" provision set forth in 28 U.S.C. § 1915(g), *Silva v. Vittorio*, 658 F.3d 1090, 1098 (9th Cir. 2011); and,

3. The Clerk of Court is DIRECTED to close this case.

IT IS SO ORDERED.

Dated:   **December 5, 2016**          /s/ Erica P. Grosjean
                                        UNITED STATES MAGISTRATE JUDGE